GEORGE W. MULLINS, plaintiff in error, vs. THE NORTH AND SOUTH RAILROAD COMPANY, defendant in error.

I. It is no defense to a suit by a railroad company to recover subscription to stock, to plead that the road has been seized by the governor. The charter is not forfeited, and the company may still collect its subscriptions, especially where suit is brought before the seizure; nor does it lie in the subscriber's mouth to object to pay to the company, when probably his default contributed to the misfortune which he would now plead against the company.

2. Though the stockholder cannot make this defense, and the company is entitled to judgment against him in this action, yet is not the state entitled to the money when collected, and should not the solicitor general of the circuit, under the direction of the court, take steps to secure the balance of the fund after payment of fees to plaintiff's counsel? *Quære*.

Corporations. Stockholders. Contracts. Railroads. Before Judge KIDDOO. Randolph Superior Court. November Term, 1874.

Reported in the opinion.

H. & I. L. FIELDER; B. S. WORRILL, for plaintiff in error.

A. HOOD, for defendant.

JACKSON, Judge.

The North and South Railroad Company sued Mullins for a subscription of $200 00, conditioned to be paid when the road should be completed to within one mile of Hamilton, Harris county. The plaintiff introduced the note and proved that the condition had been complied with. Defendant pleaded "*puis darein* continuance," that the governor had seized the road. The plea was demurred to and stricken.

1. We think the court did right. It does not lie in defendant's mouth to complain of the seizure, especially as it occurred after his refusal to pay and suit brought against him. The corporation is not extinguished by the seizure; it is still a living entity and capable of collecting the stock subscribed. Perhaps, had the defendant, and others like him,

paid their subscriptions promptly, the road might not have been seized.

2. But as it has been seized, when this subscription is collected, whose, in equity, is the fund collected? Is it not the state's, and should not the solicitor general, under the direction of the court below, take steps to secure it to the state? Counsel for plaintiff, of course, will be entitled to his fees out of the fund, but the balance, we incline to think, the state should have. At all events, we put the officer of the state in the circuit, whose duty it is to watch her interests and collect funds due her, on notice as to this fund, and leave the matter there.

Judgment affirmed.